UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARMAINE SAUNDERS**, an Individual;

Plaintiff,

v.                                              Case No.: 8:23 cv 57 CEH-AAS

**JEREMY SMITH**, an Individual;
City of Lakeland, Florida, USA

Defendant.

_____/

## PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff, **CHARMAINE SAUNDERS**, ("Plaintiff") a resident of Highlands County, Florida, in the above-styled civil action and brings this Complaint against the above-named Defendant, JEREMY SMITH ("Defendant"), with a domiciling at the City of Lakeland, Florida; and in support hereof, alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, **CHARMAINE SAUNDERS,** ("Plaintiff"), at all times material hereto, was a natural person residing in Florida and is subject to the jurisdiction of this Court.

2. Defendant and Assailant herein JEREMY SMITH ("Defendant"), is, and at all times material hereto, with a domicile in Lakeland City in the state of Florida.



3. The Middle District Tampa Division has jurisdiction over this lawsuit which involves a civil action to redress the deprivation of the rights, and privileges of Plaintiff pursuant to provisions enumerated under 28 U.S.C. § 1331. Further, the action for redress is sought arising from facts and circumstances that illustrate, exhibit or shows violations of both local, state and federal penal codes and its provisions.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1339 for reasons that the events herein alleged give rise to the claims that is within this court's jurisdiction. In addition, the Plaintiff was domiciled in Polk County under the Middle District of Tampa at the time of the event and Defendant is domiciled Polk County in the Middle District Tampa Division in the State of Florida

5. Furthermore, the amount in controversy is great than seventy-five thousand dollars ($75,000), not including interests and legal fees.

## STATEMENT OF FACTS
*(Allegations Common to All Causes of Action)*

6. This action notes that the next preceding paragraphs illustrate that the claims that give rise to the causes of action in this case arises from acts and omissions of Defendant which embody greater perversity being criminal in nature such as; but not limited to crimes of assault and battery, lewdness and indecent exposure, administration of intoxicating substance, infliction of emotional distress, and serious personal injury.

7. That on or about July 27, 2021, Plaintiff went to Applebee's, located at 230 Arteva Dr, Lakeland, FL 33809. Plaintiff arrived at 7:36 p.m. to pick up a to-go order of chicken wings. Plaintiff paid for the wings but never left the restaurant with the wings due to incapacitation. Plaintiff's order was entered into the system at Applebee's at 7:39 pm.

8. Plaintiff had ordered to go wings on more than one occasion at this Applebee's. Therefore, Plaintiff felt that the amount of time it was taking to receive her food-to-go was unusual considering the restaurant was not busy.

9. While Plaintiff was waiting for her food, she ordered 1 (one) glass of Chardonnay. By the time Plaintiff finished what she thought was Chardonnay, she still had not received her order, yet there were others who had ordered food well after she ordered her food, had already received their orders.

10. Plaintiff believed there was a motive behind delaying her order and that it was done deliberately. Around forty-five (45) minutes to one (1) hour after Plaintiff order was taken, an assailant, herein named "Jeremy Smith" (hereinafter "Defendant") arrived at the restaurant.

11. Around the same time that Defendant arrived, the bartender came offered Plaintiff a complementary second glass of wine. Police statement later verified Plaintiff was given the equivalent of 1 bottle of wine free. Plaintiff has no recollection and the POS log from Applebee's indicated one (1) glass of Pinot not Chardonnay as the Plaintiff originally ordered.

12. Plaintiff alleges that after taking a few sips of the second glass of wine, her state of consciousness was altered, and ultimately, Plaintiff blacked out. Plaintiff went to the restroom but has no recollection of how she got there. The only specific Plaintiff recalls is that at some point, Defendant, entered the restroom while she was there, and handed her a small bottle of already-opened ginger ale soda.

13. Sometime later, Defendant brutally assaulted, raped and sodomized Plaintiff at her apartment, without her consent and while she was incapacitated due to intoxication from drugs and alcohol.

14. On or about Wednesday, July 28, 2021, the morning after Plaintiff was assaulted by one of Applebee's customers herein Defendant, Plaintiff woke up with pain in her genital areas, thighs, and bruises on the toes of her right foot. On the bedding, she discovered blood and broken fingernails and toenails. Plaintiff had and continues to have no memory of how she sustained these injuries save for intermittent consciousness and Defendant was on top of Plaintiff before blacking out again. The only events that Plaintiff has a clear recollection of are the events leading up to the first few sips she took of the first glass of wine she was served by one of restaurant's employees.

15. Thirty (30) days had passed, Plaintiff did a hair follicle test, which indicated that Plaintiff had the "date rape drug" and Diphenhydramine in her system, this proves that she was drugged the night of the incident that occurred on July 27, 2021.

16. Plaintiff believes that the alleged violations committed towards her were consummated by way of intoxication, specifically, by drugging the wine that was served to her. A copy of the toxicology report proves that Gamma-Hydroxy Butyric Acid "GHB" (commonly referred to as the "date rape drug"), and Diphenhydramine were present in Plaintiff's system at the time she was sexually assaulted, raped, sodomized, and physically abused by Defendant known to be familiar with street drugs.

17. Subsequent to the tragic event, an official investigation commenced. The investigation was conducted by the Lakeland Police Department and handled by Detective Christina J. Stewart of the Lakeland Police Department, Special Victims Unit.

19. On the above-mentioned circumstances, scenarios and series of factual events, Plaintiff hereby institute this action against "Jeremy Smith" for an award of damages for the following grounds;

## CAUSES OF ACTION

### COUNT ONE
*(Sexual Battery Pursuant to § 794.011 (h) of the Florida Statute)*

20. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

21. That on or about July 27, 2021, **JEREMY SMITH** hereinafter "Defendant" committed a sexual battery/violence.

22. Sexual violence is any sexual act committed against someone without that person's freely given consent.

23. That such sexual violence violated the local penal provision of the State of Florida, pursuant to *F.S. 794.011 (h)*.

24. Defendant evidently violated the above-cited provision, whereby a "sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal.

## COUNT TWO
*(Unlawful Possession and Administration of Intoxicating Substance Pursuant to § 877.111 (1)(2) in relation to 794.011(c) of the Florida Statute)*

25. Plaintiff repeats and re-alleges all the above-mentioned factual allegations of this Complaint and incorporates them by reference herein.

26. That on or about July 27, 2021, to consummate the criminal design of the assailant ("Defendant"), the second glass of wine Plaintiff drank was defective and intoxicated.

27. That the intoxication was executed by or through the direct participation of one of the service crew/waiters of Applebee's Restaurant induced by herein Defendant and for the Defendant's benefit.

28. Following the allegation, criminal law principle provides that, Defendant should be held liable principally for principal cooperation by inducement and proposal.

29. That the inducement imposes upon Defendant a liability for violating *F.S. § 877.111(1)*, on grounds of unlawful possession and administration

30. That such is unlawful for any person to possess, buy, sell, or otherwise transfer any chemical substance specified in subsection *(2)* for the purpose of inducing or aiding any other person for purposes of mental incapacitation.

31. For mental incapacitation, *F.S. § 877.111(1)* in relation to a separate offense under *794.011(c) of the Florida Statute,* Plaintiff was mentally incapacitated, temporarily incapable of appraising or controlling her own conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered without his or her consent or due to any other act committed upon her without her consent.

32. To prove, a true and certified copy of the toxicology report for forensic purposes proves that Gamma-Hydroxy Butyric Acid "GHB" (commonly referred to as the "date rape drug"), and Diphenhydramine were present in Plaintiff's system

### COUNT THREE
*(Qualified Sexual Assault Pursuant to § 794.011 (e) of the Florida Statute)*

33. Defendant succeeded with his criminal design and intent on the night of July 27, 2022, constituting a crime and sexual violence of "qualified sexual assault"

pursuant to *F.S. § 794.011 (e)*, taking advantage of the victim hereinafter "Plaintiff", while being unconscious and asleep as direct result of intoxication.

34. Plaintiff was physically helpless" means unconscious, asleep, or for any other reason physically unable to communicate unwillingness to an act, *F.S. § 794.011 (e)*.

## COUNT FOUR
*(Serious Physical Injuries Pursuant to § 794.011 (g) of the Florida Statute)*

35. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

36. As direct result of Defendant's carnal knowledge, Plaintiff consequentially suffered extreme physical pain and anguish for obtaining bodily harm that constitutes a violation of *F.S. § 794.011 (g)*.

37. Evidently, on Wednesday, July 28, 2021, the morning after Plaintiff was assaulted by Defendant's customer, Mr. Smith, she woke up with pain in her genital areas, thighs, and bruises on the toes of her right foot.

38. Consequentially, "serious personal injury" was inflicted to Plaintiff, by means great bodily harm or pain, permanent disability, or permanent disfigurement of temporarily lost resulting to graver consequences of loss of income for incapability to work, temporarily and among other expenses such as medical treatment, clinical tests, etc.

## COUNT FIVE
*(Misdemeanor, Lewdness and Indecent Exposure)*
*Pursuant to § 800.02 of the Florida Statute*

39. Plaintiff repeats and re-alleges all the above-mentioned factual allegations of this Complaint and incorporates them by reference herein.

40. Defendant's actions amount to a commission of an "unnatural and lascivious act".

41. That pursuant *F.S. § 800.02* person who commits any unnatural and lascivious act with another person commits a misdemeanor of the second degree.

## COUNT SIX
*(Dangerous Sexual Offender Pursuant to § 794.015 of the Florida Statute)*

42. Plaintiff repeats and re-alleges all the above-mentioned factual allegations of this Complaint and incorporates them by reference herein.

43. Defendant further violated *F.S. § 794.011* in relation to *F.S. § 794.0115*, which qualified the sexual violence committed from sexual assault and battery to "dangerous sexual offense" in accordance with "Dangerous Sexual Felony Offender Act" incorporated under *F.S. § 794.0115*.

44. Defendant caused serious injury and trauma to the victim hereinafter "Plaintiff."

## COUNT SEVEN
*(Intentional Misconduct Pursuant to § 400.0237 of the Florida Statute)*

45. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

46. That in the commission of such offense, Defendant's omissions were evidently malicious, willful and intentional.

47. Wherefore, Defendant should be held liable for "intentional misconduct" under *F.S. § 400.023*.

## COUNT EIGHT
*(Statutory Award for Multiple and Triple Damages)*
*Pursuant to § 95.11* of the Florida Statute

48. For the above-mentioned violations, as proximate result thereof, Plaintiff is entitled to claim an award for multiple damages and triple damages subject to the determination of the court pursuant to *F.S § 95.11*.

49. Enumerated herein are the following recoverable damages that Plaintiff is entitled to claim pursuant to the previously mentioned statutory basis;

    a. Actual damages - monetary damages of $500,000.00 or the amount of "actual damages" incurred as a result of the sexual offense, covering medical costs, psychological therapy, medication, and other related expenses arise therefrom.

    b. General Damages of $100,000.00

    c. Moral and Exemplary Damages for intentional infliction of emotional distress, "rape-syndrome trauma", psychological anguish, destruction of

dignity, and transgression of personal human rights as to right to be secured, amounting to $400,000; and loss of hope and enjoyment of life that, "this incident caused Plaintiff to give up her desire to be in local government that Plaintiff is considering to move out of the county. Due to the violent assault and subsequent stalking" for an amount of $10,000; or as the Court may deem just and proper in conformity of the suffering caused

   d. Legal fees and Court costs as the Court may award reasonably.

## COUNT NINE
*(Award of Punitive Damages Pursuant to § 400.0237 of the Florida Statute)*

50. In any action for damages brought under this part, Plaintiff's claim for punitive damages should be permitted for there is a reasonable showing by evidence in the record and proffered by the Plaintiff as claimant and victim to which would provide a reasonable basis for recovery of such damages.

51. Pursuant to *F.S. § 400.0237*, the Plaintiff herein moves to seek punitive damages.

## COUNT TEN
*(Award of Victim Compensation and Assistance)*
*Pursuant to 42 U.S.C. §§10601 and 10602(3)(b)(1).*

52. Moreover, as a sexual violence and sexual crimes victim, Plaintiff hereby requests that this Court grant a reasonable compensation and assistance pursuant to *42 U.S.C. §§10601 and 10602(3)(b)(1).*

## **PRAYER**

**WHEREFORE,** Plaintiff prays that the Court:

1. Enters an order requiring Defendant to pay each of the above-mentioned award for damages.

2. To judicially render a decision favorable to the situation and position of the Plaintiff in this case; as to liberally construe in pursuit of criminal law principle on crimes against persons and chastity;

3. To find probable cause to warrant a criminal case institution against the Defendant; likewise reversing the preliminary investigation of the Lakeland City Police Department;

4. Issuance of a Writ of Mandamus to compel related state law enforcement agency or office the Lakeland Police Department to perform and conduct a thorough, prioritized, and unbiased investigation in reopening the case; and process DNA evidence retrieved from Plaintiff's residence after the incident on July 27th, 2021 the basis of this lawsuit

5. Grant Plaintiff any other relief as this Honorable Court may deem just and proper

DATED. January 5th, 2022.

Respectfully Submitted By:

*signature*

CHARMAINE SAUNDERS
311 US Highway 27 S
Sebring, FL 33870
Tel: (863) 738-7920
Charmainesaunders89@gmail.com
Plaintiff, *Pro Se*

## CERTIFICATION OF CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: January 5, 2023.

*signature*

*CHARMAINE SAUNDERS*
311 US Highway 27 S
Sebring, FL 33870
Tel: (863) 738-7920
Charmainesaunders89@gmail.com
Plaintiff, *Pro Se*