UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARMAINE SAUNDERS,

    Plaintiff,

v.                                          Case No: 8:23-cv-57-CEH-AAS

JEREMY SMITH,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant Jeremy Smith's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. 15). In the motion, Defendant requests dismissal of Plaintiff's claims against him because the Court lacks jurisdiction over this action. Plaintiff filed a response in opposition. Doc. 17. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's motion and dismiss this action for lack of jurisdiction.

**I.**     **BACKGROUND**[1]

    **A. Procedural Background**

---

[1] The following statement of facts is derived from the Amended Complaint (Doc. 13), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (facial jurisdictional attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion") (citations omitted).

Plaintiff, Charmaine Saunders, who is proceeding *pro se*, initiated this action against Defendant, Jeremy Smith, on January 9, 2023. Doc. 1. The action arises out of an alleged sexual assault and battery that occurred on July 27, 2021. *Id.* Only one federal claim was alleged in the initial Complaint, and it was brought under statutes which do not provide for private civil causes of action. Thus, jurisdiction appeared lacking. Accordingly, on February 10, 2023, the Court issued an order to show cause (Doc. 8) because federal courts must *sua sponte* inquire into an action's subject matter jurisdiction whenever such jurisdiction may be lacking. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004).

On February 28, 2023, Plaintiff filed a response to the Order to Show Cause (Doc. 14) and an Amended Complaint (Doc. 13). In her response to the show cause order, Plaintiff argues that the crimes committed by Defendant Smith give rise to federal jurisdiction because of Defendant's violation of several federal statutes, including 10 U.S.C. § 920, the Violence Against Women Act, and 21 U.S.C. § 841, as alleged in the Amended Complaint. As for her state law claims, Plaintiff urges jurisdiction is proper under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

On March 10, 2023, Defendant moved to dismiss the Amended Complaint, alleging jurisdiction is still lacking as the alleged violations of the U.S. Code either do not exist or do not provide for a civil remedy. Doc. 15. Plaintiff responded in opposition to the motion arguing the cited federal laws give rise to the Court's jurisdiction. Doc. 17.

B.  **Factual Allegations**

In her Amended Complaint (Doc. 13), Plaintiff sues Jeremy Smith under various federal and Florida statutes for sexual assault. Plaintiff alleges that on the evening of July 27, 2021, she went to the Applebee's Restaurant located at 230 Arteva Dr., Lakeland, Florida, to pick up a to-go order. Doc. 13 ¶ 1. While waiting for her food to be ready, she ordered one glass of wine. *Id.* ¶ 3. The take-out order was taking unusually long, and others who ordered food after her had received their orders. *Id.*

Approximately 45 minutes to an hour after Plaintiff placed her food order, the Defendant Jeremy Smith arrived at the restaurant. *Id.* ¶ 4. Defendant attempted to engage Plaintiff in conversation, inquiring if she enjoys shooting guns and whether she owned a handgun. *Id.* ¶ 11. About the same time that Smith arrived at the restaurant, the bartender offered Plaintiff a complimentary second glass of wine. *Id.* ¶ 5. Shortly after taking a few sips, Plaintiff felt disoriented, and her consciousness was altered. *Id.* ¶ 6. She went to the restroom but has no recollection of how she got there. *Id.* ¶ 6. She recalls that Defendant came to the restroom and handed her an already-opened bottle of ginger ale soda. *Id.* Plaintiff alleges that hours later she was brutally sexually assaulted while she was incapacitated from drugs and alcohol. *Id.* ¶ 7. When Plaintiff woke the next morning, she was bruised, sore in the genitalia area, and had blood and broken fingernails on her bedding. *Id.* ¶ 8.

On August 28, 2021, Plaintiff had hair follicle testing done which was positive for Gamma-Hydroxy Butyric Acid "GHB" (commonly referred to as the "date rape

drug"), and Diphenhydramine. *Id.* ¶¶ 9, 10; *see* Doc. 13 at 20. Given the illegal drug found in her system, Plaintiff alleges this proves she was drugged the night of July 27, 2021. *Id.* ¶ 10.

Plaintiff asserts nine claims against Defendant arising out of the sexual assault: Count One (violation of 10 U.S.C. § 920); Count Two (violation of 21 U.S.C. § 841); Count Three (violation of 18 U.S.C. § 241); Count Four (violation of "42 U.S.C. Code Subchapter III"); Count Five (violation of 18 U.S.C. § 2256); Count Six (dangerous sexual offender pursuant to Fla. Stat. § 794.015); Count Seven (intentional misconduct pursuant to Fla. Stat. § 400.0237); Count Eight (statutory award for multiple and triple damages); and Count Nine (award for damages pursuant to 42 U.S.C. §§ 10601 and 10602(3)(b)(1)). Doc. 13.

Defendant moved to dismiss for lack of subject matter jurisdiction because there is no basis for diversity jurisdiction as both Plaintiff and Defendant are Florida citizens and because none of the cited federal statutes provide for a civil remedy. Thus, Defendant argues that Plaintiff fails to state a cognizable claim giving rise to jurisdiction in this Court.

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction; Rule 12(b)(1) permits a facial or factual attack. *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). On a Rule 12(b)(1) facial attack, the court evaluates whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs

standards similar to those governing Rule 12(b)(6) review. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013). A Rule 12(b)(1) factual attack, however, "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation and internal quotation marks omitted). When the attack is factual, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Therefore, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

## III. DISCUSSION

Defendant's jurisdictional challenge is a facial attack, and therefore the Court accepts the well-pleaded allegations of the Amended Complaint as true in determining whether Plaintiff sufficiently alleges a basis for subject matter jurisdiction. *Lawrence*, 919 F.2d at 1529 ("Facial attacks on the complaint require the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.") (citations omitted). Based on the arguments in Defendant's motion and the Court's review of Plaintiff's allegations, Plaintiff fails to establish that jurisdiction exists in this Court.

Claims brought solely under Florida statutes do not give rise to federal jurisdiction. Counts Six and Seven of the Amended Complaint are brought purely

under Florida law, and thus do not provide a basis for federal court jurisdiction. Without citing to any statutory authority, Count Eight seeks "Statutory Award for Multiple and Triple Damages." Count Eight fails to allege a cognizable claim and does not cite to any federal statute to support the Court's jurisdiction. Count Nine seeks an award of victim's compensation under 42 U.S.C. §§ 10601, 10602(3)(b)(1), provisions which the Court has previously indicated do not provide for a private cause of action. *See* Doc. 8 at 3.

Turning to Counts One through Five of the Amended Complaint, Plaintiff cites to Florida statutes within each of these Counts, but also cites to federal statutes in an effort to establish jurisdiction. In Count One, Plaintiff purports to sue Defendant under 10 U.S.C. § 920. Title 10 pertains to individuals in the armed forces, and Section 920 is a provision of the Uniform Code of Military Justice that provides for punishment "as a court-martial may direct" for violation of the statute. Plaintiff has not alleged that Defendant is a member of the military nor asserted any facts to establish that he would be subject to this statute. But even if she could, the statute does not provide for a private civil cause of action. The federal statutes identified in Counts Two (21 U.S.C. § 841(a))[2] and Three (18 U.S.C. § 241)[3] are also criminal statutes that do not provide

---

[2] Under 21 U.S.C. § 841(a), "it shall be unlawful for any person knowingly or intentionally-- (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance." 21 U.S.C. § 841(a). The penalties for such acts are imprisonment. *See* 21 U.S.C. § 841(b).

[3] Section 241 of Title 18 provides in relevant part: "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, . . . [t]hey shall be fined under this title or imprisoned not more than ten years, or both; and . . . if such acts include . . . an attempt

6

for a civil remedy. In Count Five, Plaintiff purports to bring a claim under 18 U.S.C. § 2256, but this provision is a definitional section for the criminal chapter on the sexual exploitation and other abuse of children, which is a criminal provision. Moreover, Plaintiff is not alleged to be a minor. This "Definitions" section is inapplicable, does not include a civil remedy, and does not provide a basis for federal court jurisdiction.

Finally, Count Four is Titled "Violence Against Women Act 42 U.S. Code Subchapter III." Doc. 13 at 9. In relevant part, 34 U.S.C. § 12361 (formerly cited as 42 U.S.C. § 13981), provides that "[a]ll persons within the United States shall have the right to be free from crimes of violence motivated by gender." In *United States v. Morrison*, 529 U.S. 598, 627 (2000), however, the Supreme Court held the statute unconstitutional as "Congress' effort in § 13981 to provide a federal civil remedy can be sustained neither under the Commerce Clause nor under § 5 of the Fourteenth Amendment." In so holding, the Court noted that if the allegations were true, no civilized system of justice could fail to provide plaintiff with a remedy for the defendant's conduct, but that remedy is provided by the state, not the United States. *Id.* at 627.

The Court is sympathetic to the Plaintiff's situation to the extent the alleged atrocities giving rise to this litigation are true. However, because "[f]ederal courts are courts of limited jurisdiction[,] [t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

---

to commit aggravated sexual abuse, . . . they shall be fined under this title or imprisoned for any term of years[.]" 18 U.S.C.A. § 241.

7

(1994). Here, Plaintiff has failed to plead a cognizable cause of action against this Defendant that arises under the Constitution of the United States or under a valid federal statute that provides for a civil remedy. Therefore, the Court lacks subject matter jurisdiction, and the action is due to be dismissed. Defendant has requested that the dismissal be with prejudice, which the Court declines to do. Dismissal for lack of jurisdiction in federal court will not bar Plaintiff from bringing claims against this Defendant in state court, provided she brings them timely. Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. 15) is **GRANTED**.

2. This action is dismissed for lack of jurisdiction.

3. The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on May 22, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any