# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHARMAINE SAUNDERS,

    Plaintiff,

v.                                                      Case No: 8:23-cv-57-CEH-AAS

JEREMY SMITH,

    Defendant.
_____/

## ORDER

This matter is before the Court on the Plaintiff's Motion to Seal Documents. Doc. 19. In her motion, Plaintiff seeks an order sealing the entire case on the basis that the documents in the case contain highly sensitive and personal information. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's motion to seal.

## DISCUSSION

Plaintiff, Charmaine Saunders, who is proceeding *pro se*, initiated this action against Defendant, Jeremy Smith, on January 9, 2023. Doc. 1. The action arises out of an alleged sexual assault and battery that occurred on July 27, 2021. *Id.*

On February 28, 2023, Plaintiff filed an Amended Complaint (Doc. 13). Plaintiff alleged that the crimes committed by Defendant Smith give rise to federal jurisdiction because of Defendant's violation of several federal statutes, including 10 U.S.C. § 920, the Violence Against Women Act, and 21 U.S.C. § 841, as alleged in the

Amended Complaint. On March 10, 2023, Defendant moved to dismiss the Amended Complaint, alleging jurisdiction is lacking because the alleged violations of the U.S. Code either do not exist or do not provide for a civil remedy. Doc. 15. Because Plaintiff's Amended Complaint failed to establish subject matter jurisdiction in federal court, the Court dismissed Plaintiff's claims without prejudice to her pursuing her claims in state court. Doc. 18.

In the motion before the Court, Plaintiff requests the Court seal all of the documents in her case because the case "contains highly sensitive information related to personal, heinous, and intrusive matters." Doc. 19 at 2. Plaintiff alleges that the documents in this case contain details that, if continued to be made public, would exacerbate ongoing personal and professional harm to Plaintiff's reputation and safety, including continued exposure to stalking and harassment. *Id.* The sensitive nature of the information relates directly to Plaintiff's personal safety, including "constant attempts of computer, electronic intrusion, stalking." *Id.* Plaintiff asserts that continued public disclosure of the documents will cause further reputational harm to Plaintiff and an increased risk of becoming a target of malicious actors. Plaintiff requests the entire docket be sealed on the Court's inherent authority under Federal Rule of Civil Procedure 26(c) to protect parties from undue harm, harassment, and invasion of privacy. The motion requests docket entries 1 through 18, which comprise the entire case, be sealed. *Id.* at 3.

Local Rule 1.11 governs motions to seal. A motion to seal pursuant to Local Rule 1.11(b):

> (1) must include in the title . . . Motion to Seal";
> (2) must describe the item;
> (3) must establish:
>   (A) that filing the item is necessary,
>   (B) that sealing the item is necessary, and
>   (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;
> (4) must include a legal memorandum;
> (5) must propose a duration for the seal;
> (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
> (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party;
> (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b), M.D. Fla. (Apr. 1, 2024). The party seeking the seal must ensure that it sufficiently addresses these requirements as to all the items designated for sealing.

Procedurally, Plaintiff's motion does not comply with the Local Rules in that it does not establish that redaction or other means other than sealing of the entire case would be unavailable, nor does it propose a duration for the seal. Substantively, the motion fails to identify any valid legal basis to support sealing the entire case and fails to show good cause. The motion, filed over a year after the case has been closed, identifies no specific information contained in the documents that poses a threat to

3

Plaintiff's personal safety.  Because Plaintiff does not provide support for her broad request to seal the entire case, the motion is due to be denied.

Accordingly, it is

**ORDERED**:

1.     Plaintiff's Motion to Seal Documents (Doc. 19) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 31, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Charmaine Saunders, *pro se*
Counsel of Record